IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

AIMEE SOBINSKI

    **Plaintiff,**

v.                                                          CASE NO. 3:14-cv-00345-RS-CJK

LEARNING CONNECTIONS OF
PENSACOLA LLC, et al,

    **Defendants.**
_____/

## ORDER

Before me are Defendants' Motion to Dismiss (Doc. 10) and Plaintiff's Memorandum in Opposition (Doc. 16).

Aimee Sobinski makes a number of claims against her former employer, Learning RX Center, for failure to pay wages owed. I find that some, but not all, of her claims fail to state a claim upon which relief can be granted. Defendants' Motion is **GRANTED IN PART, DENIED IN PART.**

### I.    STANDARD OF REVIEW

To overcome a motion to dismiss, a plaintiff must allege sufficient facts to state a claim for relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007). Granting a motion to dismiss is appropriate if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. *Hishon v. King & Spalding,* 467

U.S. 69, 104 S. Ct. 2229, 2232 (1984).  I must construe all allegations in the complaint as true and in the light most favorable to the plaintiff.  *Shands Teaching Hosp. and Clinics, Inc. v. Beech Street Corp.*, 208 F.3d 1308, 1310 (11th Cir. 2000) (citing *Lowell v. American Cyanamid Co.,* 177 F.3d 1228, 1229 (11th Cir. 1999)).

## II.   BACKGROUND

The allegations set forth in the complaint are minimal, but I take them as true at this stage in the litigation.

Plaintiff Aimee Sobinski was an employee of Learning RX Center. (Doc. 1 at 3). Her daily responsibilities included customer service and support requiring her to be engaged in commerce. (*Id.*). Learning RX failed to pay her for all of the hours that she worked, including overtime wages. (*Id.* at 3, 6). After she informed her employer that she was misclassified as an exempt employee under the Fair Labor Standards Act ("FLSA") regulations, she was terminated. (*Id.* at 4).

Sobinski properly brought suit in this court and alleged eight counts: (I) Unpaid overtime wages under FLSA; (II) FLSA retaliation; (III) Unpaid wages under the Florida Minimum Wage Act ("FMWA"); (IV) FMWA retaliation; (V) Violations of the Florida Whistleblower Act ("FWA"); (VI) Unpaid Wages; (VII) Unjust Enrichment; and (VIII) Conversion.

Learning RX moved to dismiss counts I, III, IV, V (as to defendant Angela Fox), VI, and VIII. Sobinski stipulates to dismissal of Count VIII without prejudice, but persists with her other claims.

### III.     ANALYSIS

#### a.     Count I: Unpaid Overtime Wages under FLSA

Learning RX argues that Sobinski has failed to plead sufficient facts to establish that she is covered under the FLSA. Sobinski responds that her allegations are sufficient.

In order to qualify for FLSA coverage for unpaid overtime, an employee must be engaged in interstate commerce. 29 U.S.C. § 207(a). Commerce, in this context, means "doing work involving or related to the movement of persons or things (whether tangibles or intangibles, and including information and intelligence) among the several States or between any State and any place outside thereof." 29 C.F.R. § 776.9 (quotations omitted). The employee may prove engagement in interstate commerce by establishing either individual or enterprise coverage. *Scott v. K.W. Max Investments, Inc.*, 256 F. App'x 244, 247 (11th Cir. 2007).

In order to establish <u>individual</u> coverage, an employee "must be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, . . . or (ii) by

regularly using the instrumentalities of interstate commerce in his work." *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006). Employees may also qualify if their work is closely related and directly essential to the production of goods for commerce. *Id.* at 1268.

In order to establish <u>enterprise</u> coverage, an employee must establish that the employer "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person." 29 U.S.C. § 203(s)(1)(A). The volume of sales must also be greater than $500,000. *Id.*

Sobinski makes the following allegations to establish individual and enterprise coverage:

> 9. The Defendant, Learning RX, is an employer and an enterprise engaged in interstate commerce.
>
> 10. Defendant, Learning RX, provides testing and training techniques to help individuals strengthen the core cognitive skills that determine how well the individual thinks, learns, reads, and succeeds.
>
> 11. Defendant, Learning RX's operations, practices, policies, and procedures, including those with respect to brain training, utilize instruments of interstate commerce and require interstate transactions.
>
> 14. Plaintiff's daily responsibilities included, but were not limited to, customer service and support which required her to be engaged

>   in commerce or engaged in the production of goods for commerce.

(Doc. 1 at 2-3). These allegations fail to state a claim because they do not establish individual or enterprise coverage. Rather, these allegations are mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

In order to state a claim under FLSA, the complaint must plausibly allege that that either the plaintiff or her employer was "engaged in [interstate] commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1). Simply stating, without any specifics, that Sobinski and Learning RX engage in interstate commerce is not sufficient. Rather, Sobinski must plead enough facts to show that her employment at some level actually involved in an activity "constituting interstate commerce," *Thorne*, 448 F.3d at 1266, and that her employment involves some sort of movement of persons or things across state lines, 29 C.F.R. § 776.9. As it stands, other than bare conclusory allegations, the complaint gives no information to establish that Learning RX is anything other than a local business affecting only intrastate commerce.

Sobinski cites *Ceant v. Aventura Limousine & Transp. Serv., Inc.*, 874 F. Supp. 2d 1373, 1377 (S.D. Fla. 2012), for the proposition that a plaintiff need not establish "super detailed factual allegations as to every facet of FLSA coverage." However, in that very case, the court dismissed the plaintiff's claims for asserting only bare conclusory allegations very similar to what Sobinski has alleged. *Id.* Sobinski's rote description of "testing and training techniques" and her work in "customer service and support" is not a sufficient connection to interstate commerce. Rather, the complaint must plead the nature of the business and precisely what she did in the course of her employment, taking care to explain how the business, and her work for the company, connects to interstate commerce. *See Id.*

I note however, that the complaint is sufficient to establish that the revenues of the business are more than $500,000, and it would be inappropriate to assess the validity of that claim at this stage in the litigation. I find the reasoning of the *Ceant* court persuasive on this issue. *Ceant*, 874 F. Supp. 2d at 1378.

Therefore, Count I is dismissed with leave to amend the complaint to properly set forth allegations that either individual or enterprise coverage under FLSA applies to Sobinski.

Case 3:14-cv-00345-RS-CJK   Document 17   Filed 10/09/14   Page 7 of 10

Page **7** of **10**

### b.    *Counts III and IV: FMWA violations*

Learning RX argues that the Complaint sets forth no allegations of minimum wage violations, only lack of overtime pay. Sobinski responds that she did assert this violation by alleging that the she was not paid "for each and every hour," (Doc. 1 at 3), that she worked, including the hours in the attached exhibit. In at least one week of the attached exhibit, the total hours she alleges she worked divided by her total pay is less than Florida's minimum wage.

Burying the claim for minimum wage in a chart that can only be discovered with a calculator is not sufficient to put Learning RX on notice of the claim against it. The failure to pay minimum wage must be stated more explicitly in the the complaint.

Similarly, as for the retaliation claim (Count IV), Sobinski fails to establish that she engaged in protected activity because she does not appear to plead with any specificity that she ever complained to Learning RX that she was paid less than the minimum wage, but only that she complained about not being paid overtime. Since her claim for minimum wage violations was so well hidden, the complaint fails to show that her employer was sufficiently on notice of the violations to have retaliated against her.

Therefore, Counts III and IV are dismissed with leave to amend.

### c. *Count V: FWA violations*

Learning RX argues that the Florida Whistleblower Act claim should be dismissed as against Defendant Angela Fox, because she cannot be held individually liable. Sobinski responds that Angela Fox, as owner of the business, is part of a "single employer" and therefore may be held liable as well.

Florida law is clear that individual officers may not be liable for FWA violations. *Tracey-Meddoff v. J. Altman Hair & Beauty Ctr., Inc.*, 899 So. 2d 1167, 1169 (Fla. Dist. Ct. App. 2005). However, both entities of "single employers" may be liable for violations of the act. *See Diaz v. Impex of Doral, Inc.*, 7 So. 3d 591, 593 (Fla. Dist. Ct. App. 2009) ("[T]he federal 'single employer' and 'joint employer' doctrines are applicable to Whistle Blower actions brought under Florida state law.").

In order to establish that two entities (in this case, Learning RX and Ms. Fox) are a single employer, the plaintiff must show that "two ostensibly separate entities are highly integrated with respect to ownership and operations." *Lyes v. City of Riviera Beach, Fla.*, 166 F.3d 1332, 1341 (11th Cir. 1999). The Complaint, however, is devoid of any suggestion that Ms. Fox and Learning RX are "ostensibly separate" but "highly integrated." Rather, Ms. Fox appears to be acting as an officer and agent of Learning RX, and is immune from liability under Florida law.

This claim must therefore be dismissed without prejudice. Sobinski is granted leave to amend to plead facts showing that Ms. Fox employed Sobinski in an "ostensibly separate" capacity that was "highly integrated" with Learning RX's ownership and operations.

### d.   Count VI: Unpaid Wages

In Count VI, Sobinski makes a claim for unpaid wages and seeks entitlement to attorneys' fees from Fla. Stat. § 448.08, which allows a court to award attorneys' fees to the prevailing party in an action for unpaid wages. Learning RX argues that Sobinski's claim for unpaid wages fails because Fla. Stat. § 448.08[1] does not give rise to a cause of action, and the FLSA and FMWA attorneys' fees provisions should govern here. Sobinski responds that she is bringing a common law unpaid wages claim, and entitled to fees for that claim under the statute in a case like this one.

Sobinski is correct. She is bringing, in Count VI, a common law claim for unpaid wages and seeking attorneys' fees pursuant to Florida statute. Florida courts recognize such a claim. *See, e.g., McRae v. Douglas*, 644 So. 2d 1368, 1371 n. 1 (Fla. Dist. Ct. App. 1994) (noting "common law action for recovery of unpaid wages."). Courts have recognized that attorneys' may be simultaneously awarded under the FLSA and § 448.08. *See Souder v. Premier Auto. on Atl., LLC*, 308-CV-

---

[1] In its motion, Learning RX twice cites Fla. Stat. § 488.08, which addresses disposition of revenues from commercial driving schools. I construe these citations to be to § 448.08.

973-J-32JRK, 2009 WL 691916 at *3 (M.D. Fla. Mar. 13, 2009) (collecting cases); *Baker v. Fid. Mortgage Direct Corp.*, 8:10-CV-2596-T-24, 2011 WL 1560665 at *3 (M.D. Fla. Apr. 25, 2011). The cases that Learning RX cites do not provide support for the proposition that § 448.08 is inapplicable in this case.

Sobinski has therefore properly stated a common law claim for unpaid wages and may be entitled to attorneys' fees under Fla. Stat. § 448.08.

### IV.   CONCLUSION

The relief requested in Defendants' Motion to Dismiss (Doc. 10) is **GRANTED IN PART, DENIED IN PART**. Plaintiff's claims in Counts I, III, IV, V (as to Angela Fox only), and VIII are **DISMISSED WITHOUT PREJUDICE**. Plaintiff has leave to file an amended complaint not later than **October 23, 2014**. Defendants' motion is denied as to Count VI.

**ORDERED** on October 9, 2014.

      /S/ Richard Smoak
      **RICHARD SMOAK**
      **UNITED STATES DISTRICT JUDGE**